UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEREUS SUPPLY CHAIN, INC.<br><br>Plaintiff,<br><br>v.<br><br>TTSLS INC.,<br><br>Defendant. | Court File No.: |

**NOTICE OF REMOVAL**

Defendant TTSLS INC. ("TTSLS"), by and through its undersigned counsel, hereby removes the above-captioned civil action from the Washington County Circuit Court, a Wisconsin state court located in Washington County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendant states the following:

**<u>BACKGROUND</u>**

1. Plaintiff Nereus Supply Chain, Inc., ("Nereus") filed its Complaint in the Washington County Circuit Court on August 20, 2026 ("Complaint").

2. In the Complaint, Nereus alleges that TTSLS breached a Software Purchase Agreement by failing to make all payments owed to Nereus for its

performance thereunder. In the Complaint, Nereus alleges only breach of contract against TTSLS.

3. Nereus served TTSLS served with the summons and complaint on September 4, 2026.

4. As alleged in the complaint, Nereus is a corporation organized under the laws of the State of Delaware with a principal office located at 3973 Woodridge Court, Colgate, WI 53017.

5. Also as alleged in the complaint, TTSLS is a Canadian corporation with its principal place of business at 9300 Route Transcanadienne, Suite 200, Montreal, Quebec H4S IK5, Canada.

**BASIS FOR REMOVAL**

6. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

8. The United States District Court for the Eastern District of Wisconsin has original jurisdiction over the action based on the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332.

9. Defendant has timely removed this action pursuant to 28 U.S.C. § 1446(b)(1), which states "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant was served with the Complaint on September 4, 2026. Therefore, this removal is timely.

## BASIS FOR DIVERSITY JURISDICTION

10. For a federal court to have diversity jurisdiction, the civil action must be between citizens of different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

*Diversity of Citizenship*

11. Nereus is incorporated in Delaware with its principal place of business in Wisconsin. Therefore, Plaintiff is a citizen of Delaware and Wisconsin.

12. TTSLS is incorporated in Canada with its principal place of business in Canada. Therefore, Defendant is a citizen of a foreign state, Canada.

13. Thus, there is complete diversity between Plaintiff and Defendant. *See* 28 U.S.C. §§ 1332, 1441(b).

*Amount in Controversy*

14. In the Complaint, Plaintiff alleges that "[a]s a direct result of TTSLS's breach, Nereus has suffered damages of at least $290,000.00," and Plaintiff demands "judgment against Defendant for any and all damages resulting from the claim asserted [in the Complaint] together with interest, costs, and attorney's fees."

15. Thus, the total amount in controversy for Plaintiff's claim against Defendant for breach of contract exceeds the jurisdictional threshold.

16. Because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000, this Court has original jurisdiction of this action under 28 U.S.C. § 1332.

## OTHER PROCEDURAL MATTERS

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state-court action which were served on Defendant, or obtainable through the Court's online system, are filed with this Notice as **Exhibit A**.

18. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Washington County, Wisconsin, and will be promptly served on Plaintiff's counsel.

19. The requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief this matter and provide further evidence as necessary to support its position that the case is removable.

20. By removing this action to this Court, Defendant does not waive any defenses that are available to it under applicable law, including the defense of lack of personal jurisdiction.

ECKLAND & BLANDO LLP

Dated: September 23, 2026

/S/ VINCE C. REUTER

Vince C. Reuter
100 Washington Avenue South
Suite 1500
Minneapolis, MN 55401
(612) 236-0160
vreuter@ecklandblando.com

*Counsel for Defendant TTSLS Inc.*